J-S21019-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JYLIL BENTLEY | : | |
| | : | |
| Appellant | : | No. 2081 EDA 2023 |

Appeal from the Judgment of Sentence Entered October 18, 2022
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0000777-2021


BEFORE: LAZARUS, P.J., NICHOLS, J., and MURRAY, J.

MEMORANDUM BY NICHOLS, J.:         **FILED SEPTEMBER 9, 2024**

Appellant Jylil Bentley appeals from the judgment of sentence following his conviction for persons not to possess firearms, firearms not to be carried without a license, carrying firearms in public in Philadelphia, and recklessly endangering another person (REAP).[1] On appeal, Appellant challenges the sufficiency and weight of the evidence, as well as the discretionary aspects of his sentence. We affirm.

The trial court set forth the following factual history:

On March 10, 2020, at approximately 8:55 p.m., [Philadelphia] Police Officer Christopher Rycek (hereinafter Officer Rycek) responded to a radio call for a shooting at 700 West Bristol Street. Upon arrival, Officer Rycek learned two shooting victims were transported to Temple Hospital.

While in the area of the shooting, Officer Rycek observed a red Cadillac drive at a high rate of speed south on 8th Street, two [to]

_____

[1] 18 Pa.C.S. §§ 6105(a)(1), 6106(a)(1), 6108, and 2705, respectively.

three blocks from the incident. Officer Rycek chased the vehicle with activated lights. [] Appellant pulled the car over and informed the officer he was en route to the hospital for his brother who was shot. Officer Rycek provided a police escort for [] Appellant to Temple Hospital.

In the interim, video surveillance was obtained that showed the targets of the shooting running inside the Lucky Laundromat. The two men are seen falling and sliding across the floor to dodge bullets. Appellant was identified as one of the men targeted and is provided a gun from the other man who fled inside. Appellant takes the gun and runs out of the laundromat into the street shooting in the direction of the assailant's vehicle down the block.

While at the hospital, [Officer] Rycek received information, including a screenshot from the surveillance video, depicting Appellant shooting a firearm at a vehicle driving away from the laundromat. Appellant was subsequently arrested. The parties stipulated that Appellant was ineligible to possess a firearm.

Trial Ct. Op., 9/20/23, at 2-3 (citations omitted and some formatting altered).

Following a non-jury trial, the trial court convicted Appellant of the above-referenced offenses.[2] On October 18, 2022, the trial court imposed an aggregate sentence of four and one-half to nine years' incarceration. Appellant filed a timely motion for reconsideration. Although the 120-day period for the trial court to decide Appellant's motion for reconsideration expired on February 22, 2023, the trial court's office of judicial records did not enter an order denying Appellant's motion for reconsideration by operation of law. *See* Pa.R.Crim.P. 720(B)(3)(a), (c).

---

[2] The trial court acquitted Appellant of possession of an instrument of crime (PIC). 18 Pa.C.S. § 907(a).

On April 1, 2023, Appellant filed a petition pursuant to the Post Conviction Relief Act[3] (PCRA) seeking to reinstate his direct appeal rights *nunc pro tunc*. The trial court subsequently granted Appellant's motion and issued an order reinstating Appellant's post-sentence and direct appeal rights *nunc pro tunc*. **See** PCRA Ct. Order, 5/15/23. Appellant filed a post-sentence motion challenging the weight of the evidence and the discretionary aspects of his sentence, which the trial court denied on August 8, 2023.

Appellant timely filed a notice of appeal. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

On appeal, Appellant raises the following claims, which we have re-ordered as follows:

1. Was the evidence insufficient to sustain the guilty verdicts for all of the firearms charges, as there was no intent to unlawfully possess any firearm, as [] Appellant was handed then shot a firearm in justified self-defense against assailants who first shot at him. [] Appellant did not intend to unlawfully possess a firearm?

2. Were the guilty verdicts against the weight of the evidence for all of the firearms charges (VUFA-6105, 6106 & 6108) and REAP, as [] Appellant acted in justified self-defense when he came to hold and then shot a firearm at assailants who first shot at him. The Commonwealth failed to disprove Appellant's justification defense beyond a reasonable doubt?

3. Was the sentence excessive, more than necessary to protect the public and rehabilitate [] Appellant, especially in light of the fact that [] Appellant acted in justified self-defense, and indeed is a victim?

---

[3] 42 Pa.C.S. §§ 9541-9546.

Appellant's Brief at 5 (formatting altered).

## Sufficiency of the Evidence

Appellant argues that the Commonwealth failed to present evidence that he intended to possess a firearm for the purposes of his firearms convictions. *Id.* at 31. In support, Appellant refers to the following statement by the trial court: "I didn't find you guilty of PIC because I decided you were doing it in self-defense. Another judge might've found it another way because at that point, they may have said you didn't have a need to defend yourself, but I felt like it was in the heat of the moment." N.T. Sentencing Hr'g, 10/18/22, at 37-38. Appellant contends that "if there is insufficient evidence that [A]ppellant possessed the firearm with the intent to employ it criminally under PIC, then the evidence must also be insufficient to prove that he intended to unlawfully possess the firearm for purposes of the VUFA charges." Appellant's Brief at 31.

When reviewing a challenge to the sufficiency of the evidence, our standard of review is as follows:

> A claim challenging the sufficiency of the evidence is a question of law. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Where the evidence offered to support the verdict is in contradiction to the physical facts, in contravention to human experience and the laws of nature, then the evidence is insufficient as a matter of law. When reviewing a sufficiency claim, the court is required to view the evidence in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence.

In applying the above test, we may not [re]weigh the evidence and substitute our judgment for the fact-finder.

*Commonwealth v. James*, 297 A.3d 755, 764 (Pa. Super. 2023) (citations omitted and formatting altered), *appeal denied*, 309 A.3d 691 (Pa. 2023).

Under the Crimes Code, self-defense is a defense of justification, which is a complete defense to criminal liability. **See** 18 Pa.C.S. §§ 502, 505. We have explained that

[t]he use of force against a person is justified when the actor believes that such force is immediately necessary for the purpose of protecting himself against the use of unlawful force by the other person. **See** 18 Pa.C.S. § 505(a). When a defendant raises the issue of self-defense, the Commonwealth bears the burden to disprove such a defense beyond a reasonable doubt.

*Commonwealth v. Bullock*, 948 A.2d 818, 824 (Pa. Super. 2008) (citation omitted).

To disprove a defendant's claim of self-defense, the Commonwealth must establish at least one of the following beyond a reasonable doubt:

1) the accused did not reasonably believe that he was in danger of death or serious bodily injury; or 2) the accused provoked or continued the use of force; or 3) the accused had a duty to retreat and the retreat was possible with complete safety. It remains the province of the [fact-finder] to determine whether the accused's belief was reasonable, whether he was free of provocation, and whether he had no duty to retreat.

*Commonwealth v. McClendon*, 874 A.2d 1223, 1230 (Pa. Super. 2005) (citations and quotation marks omitted).

"To claim self-defense, the defendant must be free from fault in provoking **or escalating** the altercation that led to the offense, before the

defendant can be excused from using deadly force." ***Commonwealth v. Smith***, 97 A.3d 782, 788 (Pa. Super. 2014) (citation omitted and emphasis in original). "The complainant can serve as a witness to the incident to refute a self-defense claim. Although the Commonwealth is required to disprove a claim of self-defense arising from any source beyond a reasonable doubt, a fact-finder is not required to believe the testimony of the defendant who raises the claim." ***Id.*** (citations omitted and formatting altered); ***see also Commonwealth v. Micklos***, 159 A.3d 962 (Pa. Super. 2017).

In ***Micklos***, the trial court convicted the defendant of persons not to possess firearms and acquitted the defendant of criminal homicide and robbery. ***Micklos***, 159 A.3d at 964, 966 n.1. In that case, the victim pulled a gun on the defendant during a drug transaction and, following a scuffle, the weapon discharged and struck the victim. ***Id.*** at 965-66. Ultimately, the trial court concluded:

> The [trial] court agrees [the defendant] did not have specific intent to possess the firearm at the time he struggled with [the victim] to control the firearm. His intent was to prevent [the victim] from shooting [the defendant]. In essence, [the defendant] raised a justification defense pursuant to 18 Pa.C.S.[] §§ 302 and 303. In other words, whatever possession occurred while [the defendant] was attempting to prevent [himself] from being shot, was justified. This would include even the possession when the firearm discharged in the initial struggle, which fired the fatal shot killing [the victim]. However, any possession of the firearm after this point by [the defendant] was not justified.
>
> After [the victim] was initially shot, the gun fell to the ground. At this point, [the defendant] grabbed the gun from the ground. [The defendant] ultimately fired a second shot into [the victim]. [The defendant] threw the gun on the floor of the driver's side of the vehicle. After going to a bar, [the defendant] tossed the gun,

shell casings and car keys into the woods. The possession [the defendant] was convicted of was this series of possessions from the point he recovered the gun from the ground, fired a second shot, placed the gun in the car and eventually discarded the gun into the woods.

*Id.* at 968 (citation omitted and formatting altered).

On appeal, the defendant challenged the sufficiency of the evidence and argued that his possession of a firearm was in self-defense. *Id.* at 967. In addressing the defendant's claim, the *Micklos* Court explained:

[U]nlawful possession of a firearm is a continuing offense, and thus, [the defendant's] possession of the firearm may have been justified for part, but not all of the time [the defendant] exhibited control over the weapon. *See Commonwealth v. Gross*, 101 A.3d 28, 35 n.5 (Pa. 2014) ("Possession is ongoing conduct, not a temporally limited act. As long as one is in unlawful possession of a firearm, one is committing an offense."). Second, while [the defendant's] argument supports his defense for possession of the gun during the struggle with [the] victim, [the defendant] fails to convince us, and cites no case law to support his argument that his continued possession of the firearm after [the] victim was shot was justified.

*Id.* at 968 (some formatting altered).

In the instant case, the trial court reached the following conclusion:

In this case, [the] Commonwealth negated the third element of self-defense beyond a reasonable doubt. The Commonwealth succeeds in the final element, as [] Appellant was able to retreat with complete safety. The targets of the shooting were seen running inside the laundromat, sliding, and falling to the floor to dodge bullets. The assailant(s) never enter or pursue the targets once they took cover inside the laundromat. After retreating to safety, Appellant runs **outside** of the laundromat, and [] **in retaliation** shoots down the street in the direction of the assailant's departing vehicle. In accordance with those findings, the [trial court] determined Appellant's actions were retaliatory

- 7 -

and his assertion of self-defense was not applicable. Thus, there is no merit to this claim.

Trial Ct. Op. at 6 (citations omitted, some formatting altered, and emphases in original).

Following our review of the record, we conclude that although the trial court found Appellant not guilty of PIC on self-defense grounds, the Commonwealth disproved Appellant's self-defense justification for the firearms convictions beyond a reasonable doubt. **See James**, 297 A.3d at 764; **McClendon**, 874 A.2d at 1230. At trial, the Commonwealth presented surveillance video from the Lucky Laundromat. **See** Commonwealth's Exhibits C-4(A)-(B); C-5(A)-(B); C-6(A)-(B); C-8; C-9; C-10(A)-(B). As noted by the trial court, the surveillance video in question reflects the following:

> [Y]ou were outside the laundromat, and you were minding your own business. . . . And somebody started shooting at y'all. And you ran inside the laundromat, you know, to get away from the bullets. And even while that door was open, some of the bullets flew in. I saw that. And I could see from the video inside the laundromat, you know, you guys were, like, falling to the floor trying to get safe. And even when that happened, you slid across the floor.
>
> And then one of your friends, you guys got up, and they handed a gun to you, and you ran back out to shoot. You didn't have a gun on you. I know that. But you . . . grabbed a gun from somebody else and then **you went back outside shooting.** And that's why I found you guilty.

N.T. Sentencing Hr'g, 10/18/22, at 37-38 (emphasis added).

The record confirms that Appellant escalated the altercation by exiting the laundromat to shoot at the assailants as they were leaving the scene. **See**

*id.* Therefore, Appellant cannot claim self-defense as a justification for his firearms convictions. *See Smith*, 97 A.3d at 788; *Micklos*, 159 A.3d at 968. For these reasons, Appellant is not entitled to relief.

### Weight of the Evidence

Appellant next raises a weight-of-the-evidence claim. In his brief, Appellant contends that because he "was convicted for actions that do not constitute a crime, as the Commonwealth failed to disprove evidence that [he] acted in justified self-defense." Appellant's Brief at 22. Appellant further argues that his convictions were against the weight of the evidence because he acted as "any reasonable red-blooded Philadelphian-American would have done, and that is defend[] himself." *Id.* at 29.

When reviewing the denial of a motion for a new trial based on the weight of the evidence, we apply the following standard of review:

> A motion for a new trial based on a claim that the verdict is against the weight of the evidence is addressed to the discretion of the trial court. A new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion. Rather, the role of the trial judge is to determine that notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice.

> An appellate court's standard of review when presented with a weight of the evidence claim is distinct from the standard of review applied by the trial court. Appellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence.

*Commonwealth v. Windslowe*, 158 A.3d 698, 712 (Pa. Super. 2017) (citations omitted).

As this Court has repeatedly stated,

[t]he weight of the evidence is exclusively for the finder of fact, who is free to believe all, none, or some of the evidence and to determine the credibility of the witnesses. Resolving contradictory testimony and questions of credibility are matters for the finder of fact. It is well-settled that we cannot substitute our judgment for that of the trier of fact.

\* \* \*

Because the trial [court] judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.

Furthermore, in order for a defendant to prevail on a challenge to the weight of the evidence, the evidence must be so tenuous, vague and uncertain that the verdict shocks the conscience of the court.

*Commonwealth v. Spence*, 290 A.3d 301, 311 (Pa. Super. 2023) (citations omitted and formatting altered).

Further, it is well-settled that challenges to the sufficiency of the evidence and the weight of the evidence are distinct. *See Commonwealth v. Arias*, 286 A.3d 341, 349 (Pa. Super. 2022) (describing the difference between weight and sufficiency of the evidence); *Commonwealth v. Juray*, 275 A.3d 1037, 1046-47 (Pa. Super. 2022) (stating that a weight-of-the-evidence challenge concedes that the evidence is sufficient to warrant a conviction).

In the instant case, the trial court reached the following conclusion:

> The [trial court's] findings were not against the weight of the evidence. The identification of Appellant as the person firing down the block at the moving vehicle was based on the laundromat video surveillance evidence, which confirmed Appellant's involvement in the shooting. The [trial court] heard testimony from the officers who responded to the scene of the incident and assessed each witness's credibility, evaluated this information and evidence, and made relevant factual determinations. Hence, the [trial court's] findings were not so contrary to the evidence as to shock one's sense of justice. Hence, there is no merit to Appellant's challenge to the weight of the evidence.

Trial Ct. Op. at 4-5 (citations omitted and formatting altered).

Following our review of the record, we discern no abuse of discretion by the trial court. **See Windslowe**, 158 A.3d at 712. The trial court, sitting as the finder of fact, was free to believe some, all, or none of the evidence presented, and on this record, we agree with the trial court's conclusion and the verdict does not shock the conscience. **See Spence**, 290 A.3d at 311. Therefore, Appellant is not entitled to relief.

## Sentencing Claim

In his final issue, Appellant raises a challenge to the discretionary aspects of his sentence. Specifically, Appellant contends that the trial court did not adequately consider mitigating factors when imposing sentence. Appellant's Brief at 17, 19. Appellant further argues that he "is the victim, now serving a state sentence, rightfully maintaining his innocence regarding facts that at worst exist in a truly gray legal area, at best, prove he is an innocent man guilty of simply defending his own life." **Id.** at 17.

"[C]hallenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." ***Commonwealth v. Derry***, 150 A.3d 987, 991 (Pa. Super. 2016) (citations omitted). Before reaching the merits of such claims, we must determine:

> (1) whether the appeal is timely; (2) whether Appellant preserved his issues; (3) whether Appellant's brief includes a [Pa.R.A.P. 2119(f)] concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is inappropriate under the sentencing code.

***Commonwealth v. Corley***, 31 A.3d 293, 296 (Pa. Super. 2011) (citations omitted).

"To preserve an attack on the discretionary aspects of sentence, an appellant must raise his issues at sentencing or in a post-sentence motion. Issues not presented to the sentencing court are waived and cannot be raised for the first time on appeal." ***Commonwealth v. Malovich***, 903 A.2d 1247, 1251 (Pa. Super. 2006) (citations omitted); ***see also*** Pa.R.A.P. 302(a) (stating that "[i]ssues not raised in the trial court are waived and cannot be raised for the first time on appeal").

"The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." ***Commonwealth v. Battles***, 169 A.3d 1086, 1090 (Pa. Super. 2017) (citation omitted). "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific

provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." ***Commonwealth v. Grays***, 167 A.3d 793, 816 (Pa. Super. 2017) (citation omitted).

Here, the record reflects that Appellant preserved his sentencing challenge by raising it in his post-sentence motion, filing a timely notice of appeal and a court-ordered Rule 1925(b) statement, and including a Rule 2119(f) statement in his brief. ***See Corley***, 31 A.3d at 296. Further, we conclude that Appellant's issue raises a substantial question for our review. ***See Commonwealth v. Swope***, 123 A.3d 333, 340 (Pa. Super. 2015); ***Commonwealth v. Cartrette***, 83 A.3d 1030, 1042 (Pa. Super. 2013) (*en banc*) (stating that a claim that the trial court imposed a sentence that is not consistent with the gravity of the crime, the need for public protection, or the appellant's rehabilitative needs raised a substantial question). Accordingly, we will review the merits of Appellant's claims.

Our standard of review is as follows:

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

Additionally, our review of the discretionary aspects of a sentence is confined by the statutory mandates of 42 Pa.C.S. § 9781(c) and (d). Subsection 9781(c) provides:

The appellate court shall vacate the sentence and remand the case to the sentencing court with instructions if it finds:

(1) the sentencing court purported to sentence within the sentencing guidelines but applied the guidelines erroneously;

(2) the sentencing court sentenced within the sentencing guidelines but the case involves circumstances where the application of the guidelines would be clearly unreasonable; or

(3) the sentencing court sentenced outside the sentencing guidelines and the sentence is unreasonable.

In all other cases the appellate court shall affirm the sentence imposed by the sentencing court.

42 Pa.C.S. § 9781(c).

In reviewing the record, we consider:

(1) The nature and circumstances of the offense and the history and characteristics of the defendant.

(2) The opportunity of the sentencing court to observe the defendant, including any presentence investigation [(PSI)].

(3) The findings upon which the sentence was based.

(4) The guidelines promulgated by the commission.

42 Pa.C.S. § 9781(d).

**Commonwealth v. Raven**, 97 A.3d 1244, 1253-54 (Pa. Super. 2014) (some citations omitted and some formatting altered).

"When imposing a sentence, the sentencing court must consider the factors set out in 42 Pa.C.S. § 9721(b), [including] the protection of the public, [the] gravity of offense in relation to impact on [the] victim and community, and [the] rehabilitative needs of the defendant[.]" **Commonwealth v. Fullin**, 892 A.2d 843, 847 (Pa. Super. 2006) (citation omitted and formatting altered). "A sentencing court need not undertake a lengthy discourse for its

reasons for imposing a sentence or specifically reference the statute in question, but the record as a whole must reflect the sentencing court's consideration of the facts of the crime and character of the offender." **Commonwealth v. Schutzues**, 54 A.3d 86, 99 (Pa. Super. 2012) (citations omitted).

Additionally, the trial court "must consider the sentencing guidelines." **Fullin**, 892 A.2d at 848 (citation omitted). However, "where the trial court is informed by a PSI [report], it is presumed that the court is aware of all appropriate sentencing factors and considerations, and that where the court has been so informed, its discretion should not be disturbed." **Commonwealth v. Edwards**, 194 A.3d 625, 638 (Pa. Super. 2018) (citation omitted and formatting altered).

Here, the record reflects that the trial court ordered a PSI report, which it reviewed prior to sentencing. **See** N.T. Sentencing Hr'g, 10/18/22, at 5-6. At the sentencing hearing, the trial court considered the sentencing guidelines and Appellant's mitigating circumstances, then stated that for those reasons, it would impose a lenient sentence. **See id.** at 35-40.

In its opinion, the trial court explained:

For the lead charge of possession of firearm prohibited, Appellant's guidelines were comprised of a prior record score of 4 and an offense gravity score of 11, producing a guideline range of 60 to 78 months, plus or minus 12 months. The [trial court] issued 4 ½ to 9 years on the charge of possession of firearm prohibited (F1) and 3 to 6 years on the charge of firearms not to be carried without a license, to run concurrently, for an aggregate sentence of 4 ½ to 9 years [of] incarceration. The [trial court's] mitigated sentence was neither illegal nor manifestly excessive as

- 15 -

it was on the lower end of the recommended guideline range for [] Appellant's convictions.

The [trial court] carefully reviewed the pre-sentence report (PSI) which detailed [Appellant's] three prior felony convictions for possession [of a controlled substance] with intent to distribute (PWID), and violations of every period of probation/parole. Appellant also failed to comply with all orders for mental health treatment. When interviewed, Appellant indicated he "has a right to possess a gun," despite his ineligibility. Appellant further indicated "he would continue to do as he pleases regardless of the consequences." The PSI emphasized Appellant is at "high risk for incurring future offenses and for violating whatever conditions will be imposed by the [trial court]," further noting, "it is particularly disturbing that [] Appellant has such a significant history of unprovoked violence, lack of remorse for his actions, and justified his violent behavior."

Additionally, the [trial court] considered the sentencing recommendations of both parties and carefully followed the sentencing guidelines. The [trial court] also weighed the evidence and testimony presented at the trial and sentencing hearing, in light of the arguments of counsel. The [trial court] likewise considered Appellant's rehabilitative needs by ordering evaluation and treatment for his mental health issues. Based upon all information detailed above, the [trial court] issued a mitigated guideline sentence that encompassed leniency for Appellant's circumstances. Thus, there is no merit to Appellant's claim of an excessive sentence.

Trial Ct. Op. at 9-10 (citations omitted and formatting altered).

Based on our review of the record, we discern no abuse of discretion by the trial court. *See Raven*, 97 A.3d at 1253. The record reflects that the trial court ordered a PSI report and mental health evaluation, which it reviewed prior to sentencing. *See* N.T. Sentencing Hr'g, 10/18/22, at 5-6. Therefore, we presume that the trial court was aware of the mitigating factors and considered them when imposing Appellant's sentence. *See Edwards*, 194 A.3d at 638. Further, we will not re-weigh those factors on appeal. *See*

*Commonwealth v. Macias*, 968 A.2d 773, 778 (Pa. Super. 2009) (explaining that the appellate court cannot reweigh sentencing factors and impose its judgment in place of sentencing court where lower court was fully aware of all mitigating factors). Under these circumstances, we have no basis to conclude that the trial court abused its discretion in imposing Appellant's sentence. *See Edwards*, 194 A.3d at 637; *Raven*, 97 A.3d at 1253. Therefore, Appellant is not entitled to relief.

Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 9/9/2024